IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES GEARLD MCCRARY, JR.,

    Plaintiff,

v.

N. CATERINA, GLYNN COUNTY
SHERIFF'S OFFICE, and GLYNN COUNTY
DETENTION CENTER,

    Defendants.

CIVIL ACTION NO.: 2:23-cv-75

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

**PLAINTIFF'S CLAIMS**[2]

Plaintiff is a pretrial detainee at Glynn County Detention Center in Brunswick, Georgia. Doc. 1. Plaintiff said, "[G]ood morning, buddy" to Defendant Caterina, a nurse, when Defendant Caterina came in to give Plaintiff his medication. Id. at 5. Defendant Caterina replied, "I'm not your buddy, but you can take your meds." Id. Plaintiff asked, "Why not?" Defendant Caterina

---

[1] Plaintiff has consented to the undersigned's plenary review. Doc. 6.

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

responded, "Because you touch kids, that's why." Id. Plaintiff claims "that was way out of line." Id. Plaintiff states he sustained no injuries. Id. Plaintiff requests $1,000,000 in damages for discrimination and $1,000,000 in damages for "hate crime." Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

**I.     Failure to State a Claim**

Plaintiff cannot maintain a § 1983 claim for an insult or offensive language. Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim." (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989))); see also McGathey v. Osinga, No. 2:17-CV-56, 2017 WL 2445827, at *4 (M.D. Fla. June 6, 2017) ("Allegations of general harassment or teasing, while not laudable, do not state a constitutional claim.") (collecting cases); Marks v. Keeton, No. 2:13-CV-620, 2013 WL 5934005, at *2 (M.D. Ala. Sept. 10, 2013) ("The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation.") (collecting cases), report and recommendation adopted, 2013 WL 5927608 (M.D. Ala. Nov. 5, 2013). Plaintiff fails to state a constitutional claim because he alleges nothing but a single comment a nurse made to him at Glynn County Detention Center. Accordingly, I **DISMISS** Plaintiff's Complaint in its entirety.

**II.    Leave to Appeal *in Forma Pauperis***

I also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 2nd day of January, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA